# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DELTA FUEL CO. INC.** | **CASE NO. 5:24-CV-00923** |
| **VERSUS** | **JUDGE EDWARDS** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

On March 19, 2025, the undersigned ordered this matter stayed for 60 days and directed the parties to submit a status report at the conclusion of that period. Accordingly, a status report was due by Monday, May 19, 2025. The parties failed to file a status report. The undersigned then issued a minute entry that cautioned if no status report or motion to lift the stay was filed within fourteen (14) days of the date of the minute entry, the Court intended to issue a Notice of Intent to Dismiss.[1] The parties' deadline to comply has passed. To date, no status report or motion to lift the stay has been filed by either party.

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). "The power

---

[1] Although it was my original intent to issue a Notice of Intent to Dismiss, after further consideration, this Report and Recommendation issues to allow Plaintiff all due process before the lawsuit is dismissed.

to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 629-30.

Accordingly, **IT IS RECOMMENDED** that Plaintiff Delta Fuel Co. Inc.'s suit be **DISMISSED WITHOUT PREJUDICE**.[2]

**IT IS ORDERED** that Plaintiff's counsel is to provide a copy of this Report and Recommendation to Plaintiff Delta Fuel Co. Inc.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In Chambers, Monroe, Louisiana, this 23rd day of June, 2025.

Kayla Dye McClusky
United States Magistrate Judge

---

[2] Should this recommendation be adopted, the pending Motion to Dismiss [doc. #16] would be mooted.